IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-26-D
No. 7:19-CV-203-D

| | |
|---|---|
| CEDRIC ANTOINE MCKENITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On October 10, 2019, Cedric Antoine McKenith ("McKenith" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence [D.E. 131]. On April 17, 2020, McKenith filed a corrected motion [D.E. 135]. On October 14, 2020, the government moved to dismiss McKenith's motion [D.E. 141] and filed a memorandum in support [D.E. 142]. On December 8, 2020, McKenith moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 148]. On January 28, 2021, McKenith filed an addendum [D.E. 152]. On February 4, 2021, McKenith responded in opposition to the government's motion to dismiss his section 2255 motion [D.E. 154]. On April 20, 2021, McKenith again moved pro se for compassionate release, filed medical records, and moved to seal the medical records [D.E. 156]. As explained below, the court grants the government's motion to dismiss McKenith's section 2255 motion and denies McKenith's motions for compassionate release.

I.

On October 14, 2014, pursuant to a written plea agreement, McKenith pleaded guilty to

knowingly selling a firearm and ammunition to a convicted felon (count two) and possession of a firearm in furtherance of a drug trafficking crime (count ten). See [D.E. 1, 67, 69, 100]. On February 10, 2015, the court held McKenith's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 85, 89, 90, 101]. After addressing the parties' objections, the court calculated McKenith's total offense level to be 31, his criminal history category to be III, and his advisory guideline range to be 120 months' imprisonment on count two and 60 months' consecutive imprisonment on count ten. See [D.E. 90] 1; [D.E. 101] 5–84. After denying the government's upward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McKenith to 120 months' imprisonment on count two and 60 months' consecutive imprisonment on count ten, for a total of 180 months' imprisonment. See [D.E. 89] 2; [D.E. 101] 84–100. The court also announced that even if it miscalculated the advisory guideline range, then it would impose the same sentence as an alternative variant sentence. See [D.E. 101] 102. McKenith appealed. See [D.E. 95]. On October 8, 2015, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in McKenith's plea agreement and dismissed McKenith's appeal. See United States v. McKenith, 628 F. App'x 173, 175 (4th Cir. 2015) (per curiam) (unpublished); [D.E. 105, 106].

On February 15, 2017, McKenith moved pro se under section 2255 to vacate, set aside, or correct his sentence [D.E. 116]. On May 1, 2017, the government moved to dismiss McKenith's motion [D.E. 120] and filed a memorandum in support [D.E. 121]. On June 9, 2017, McKenith moved to dismiss his motion [D.E. 125]. On December 11, 2017, the court dismissed McKenith's motion [D.E. 128].

In McKenith's present section 2255 motion, McKenith argues that his section 922(d)(1)

2

conviction on count two violates Rehaif v. United States, 139 S. Ct. 2191 (2019). See [D.E. 135] 4.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

3

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

On October 8, 2015, the Fourth Circuit entered judgment against McKenith. See McKenith, 628 F. App'x at 175. McKenith's judgment became final on January 19, 2016, and his time to file a section 2255 motion ended on January 6, 2017. See Clay v. United States, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13. McKenith, however, did not file his section 2255 motion until October 10, 2019. See [D.E. 131]. Thus, McKenith's section 2255 motion is untimely under section 2255(f). Furthermore, McKenith has not plausibly alleged that any governmental action prevented him from filing a timely motion, that his motion is based on a right newly recognized by the Supreme Court,[1] or that his motion is based on facts that could not have been discovered earlier through the exercise of due diligence. Accordingly, the court dismisses McKenith's section 2255 motion as untimely under section 2255(f).

---

[1] McKenith implies that Rehaif was not yet decided when he appealed. See [D.E. 135] 4. However, Rehaif does not help McKenith. See Tate v. United States, 982 F.3d 1226, 1227–28 (9th Cir. 2020) (per curiam); Mata v. United States, 969 F.3d 91, 93–94 (2d Cir. 2020) (per curiam); In re Price, 964 F.3d 1045, 1049 (11th Cir. 2020); In re Sampson, 954 F.3d 159, 160–62 (3d Cir. 2020) (per curiam); In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019) (per curiam); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam); cf. Edwards v. Vannoy, 141 S. Ct. 1547, 1554–62 (2021).

4

Alternatively, McKenith procedurally defaulted his claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars McKenith from presenting his claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, McKenith has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

Alternatively, the claim fails on the merits. In Rehaif, the Court held that, in a prosecution for possession of a firearm by a restricted person under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. See Rehaif, 139 S. Ct. at 2200. In contrast, McKenith pleaded guilty to knowingly selling a firearm and ammunition to a convicted felon in violation of 18 U.S.C. § 922(d)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Thus, Rehaif does not help McKenith.

After reviewing the claim presented in McKenith's motion, the court finds that reasonable jurists would not find the court's treatment of McKenith's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

5

II.

As for McKenith's motion for compassionate release, on December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75%

6

of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), petition for cert. filed, (U.S. Sept. 8, 2021) (No. 21-5624); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary

---

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

McKenith contends that he exhausted his administrative remedies. See [D.E. 148] 3. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[3] Accordingly, the court addresses McKenith's claim on the merits.

McKenith seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, McKenith cites the COVID-19 pandemic, his bout with and recovery from COVID-19, and his heart condition, hypertension, hypothyroidsim, and history of tobacco use. See [D.E. 152] 1–2; [D.E. 156] 1–2; [D.E. 156-1] 2–19. McKenith also cites his family circumstances, his rehabilitation efforts, his release plan, and that he has served over 50% of his sentence. See [D.E. 148]; [D.E. 152] 3; [D.E. 156] 2–3; [D.E. 156-1] 20–43.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or

---

[3] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

9

she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although McKenith states that he suffers from a heart condition, hypertension, and hypothyroidism, and has a history of tobacco use, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while McKenith serves his sentence. The same goes should McKenith contract COVID-19 again. Accordingly, reducing McKenith's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the family circumstances policy statement, the policy statement requires "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n.1(C)(i). Although McKenith contends that his wife is disabled and that his eldest son, who helped care for the younger children, recently passed away, he does not state that his wife is incapacitated or unable to care for their children. See [D.E. 148] 1–2; cf. [D.E. 156] 2 (mentioning incapacitation, albeit indirectly). McKenith also contends that his mother and grandmother lack a caregiver, see [D.E. 148] 2, but the policy statement does not concern a defendant's parents or grandparents. Cf. U.S.S.G. § 1B1.13 cmt. n.1(C). Accordingly, reducing McKenith's sentence is not consistent with application note 1(C). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, McKenith's medical conditions, McKenith's family circumstances, rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a)

10

factors counsel against reducing McKenith's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

McKenith is 35 years old and engaged in serious criminal conduct from 2013 to 2014. See PSR [D.E. 80] ¶¶ 11–16. McKenith is accountable for 1 gram of marijuana, 14.93 grams of heroin, and 21 firearms, 2 of which were stolen and 1 which had an obliterated serial number. See id. Even though McKenith lacked a license to deal firearms, he trafficked nearly two dozen firearms. See id. While detained in jail, McKenith recruited several individuals, including his brother, to continue operating his firearm and drug business. See id. ¶¶ 13–14, 16. McKenith is a violent recidivist with convictions for simple assault, battery (two counts), simple battery, trespassing, possession of stolen goods or property (two counts), and resisting a public officer. See id. ¶¶ 23–28. McKenith also violated probation. See id. ¶ 24. Nonetheless, McKenith has taken some positive steps while incarcerated. See [D.E. 148] 2–3; [D.E. 152] 3; [D.E. 156] 2–3; [D.E. 156-1] 20–43.

The court has considered McKenith's exposure to and recovery from COVID-19, his medical conditions, his family circumstances, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to treat McKenith, the section 3553(a) factors, McKenith's arguments, and the need to punish McKenith for his serious criminal behavior, to incapacitate McKenith, to promote respect for the law, to deter others, and to protect society, the court declines to grant McKenith's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018);

High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for McKenith's request for home confinement, McKenith seeks relief under the CARES Act. See [D.E. 148, 152, 156]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses McKenith's request for home confinement.

### III.

In sum, the court GRANTS the government's motion to dismiss [D.E. 141], DISMISSES McKenith's section 2255 motion [D.E. 131, 135], DENIES a certificate of appealability, DENIES McKenith's motions for compassionate release [D.E. 148, 156], and GRANTS McKenith's motion to seal [D.E. 156].

SO ORDERED. This 4 day of October, 2021.

JAMES C. DEVER III
United States District Judge

12